```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION


TRANSPORTATION SERVICES, INC.    §
and as ASSIGNEE OF GONZALEZ      §
PRODUCTION SYSTEMS, INC.,        §
                                 §
             Plaintiff,          §
                                 §    CIVIL ACTION NO. H-10-2246
v.                               §
                                 §
DICEX INTERNATIONAL, INC.,       §
et al.,                          §
                                 §
             Defendants.         §
```

## MEMORANDUM OPINION AND ORDER

Transportation Services, Inc. ("TSI") and as assignee of Gonzalez Production Systems, Inc. brings this action against Dicex International, Inc. ("Dicex"), Dicex, S.A. de C.V. a/k/a Dicex Logistica, S.A. de C.V. ("Dicex Logistica"), Carlos Alberto Fernandez-Martinez ("Martinez"), and Transportes de Carga FEMA, S.A. de C.V. ("FEMA") alleging negligence, violations of the Interstate Commerce Act, and breach of bailment arising from an automobile accident that allegedly destroyed cargo being transported to a manufacturer in Mexico. Pending before the court are Carlos Alberto Fernandez-Martinez and Transportes de Carga FEMA, S.A. de C.V.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Docket Entry No. 5) and Dicex International Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Docket Entry

No. 8).  For the reasons explained below, the court will grant both motions to transfer this action to the Laredo Division of the Court.

## I.  Background

This action stems from damages sustained to electronics cargo that was being transported from Michigan to an automobile manufacturing facility in Mexico.[1]  The cargo, along with the trailer carrying it, were allegedly destroyed in an automobile accident in Mexico while the cargo was en route to the manufacturing facility.[2]  The plaintiff, TSI, is a Delaware motor-carrier corporation headquartered in Romulus, Michigan.[3]  TSI's registered agent resides in Laredo, Texas.[4]  Defendant Dicex is a Texas motor-carrier corporation specializing in customs processing with its principal place of business in Laredo, Texas.[5]  Defendant

---

[1] Plaintiff's Original Complaint ("the Complaint"), Docket Entry No. 1, ¶ 5.

[2] Id. ¶ 7.

[3] Id. at 1; Company Information, Exhibit 3 to Carlos Alberto Fernandez-Martinez and Transportes de Carga FEMA, S.A. de C.V.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 ("Martinez and FEMA's Motion to Transfer"), Docket Entry No. 5, p. 1.

[4] Franchise Tax Certification of Account Status, Exhibit 2 to Martinez and FEMA's Motion to Transfer, Docket Entry No. 5, p. 1.

[5] Dicex International Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 ("Dicex's Motion to Transfer"), Docket Entry No. 8, ¶ 2; Declaration of Alberto Aranda, Exhibit 1 to Dicex's Motion to Transfer, Docket Entry No. 8, p. 1.

FEMA is a Mexican motor-carrier corporation headquartered in Nuevo Laredo, Mexico.[6] Defendant Martinez is the President of FEMA and resides in Laredo, Texas.[7]

TSI alleges that it contracted with Gonzalez Production Systems, Inc. ("Gonzalez") to transport automobile-manufacturing equipment ("the cargo") from Gonzalez's facility in Michigan to Toluca, Mexico.[8] According to TSI, after it safely transported the cargo from Michigan to Laredo, Texas, it made arrangements with Dicex for Dicex to oversee the cargo's passage across the border and down to Toluca.[9] TSI alleges that Dicex in turn made arrangements with FEMA for FEMA to transport the cargo from the border to Toluca.[10] It is undisputed that while a FEMA employee was driving the cargo through Mexico, the truck was involved in an accident that allegedly caused damages to the cargo and the trailer in which it was being transported.[11]

---

[6]Declaration of Eliseo Hernandez, Exhibit 1 to Martinez and FEMA's Motion to Transfer, Docket Entry No. 5, p. 1.

[7]Id.

[8]Affidavit of Michael Zavislak, Exhibit 1 to Plaintiffs, Transportation Services, Inc. and as Assignee of Gonzalez Production Systems, Inc.'s Response to Defendants' Motion to Transfer Venue ("TSI's Response"), Docket Entry No. 10, p. 1.

[9]Id.

[10]Id. at 1-2.

[11]Id. at 2; Exhibit 1 to Martinez and FEMA's Motion to Transfer, Docket Entry No. 5, p. 2.

Following the accident Gonzalez brought suit in Michigan state court against TSI, Dicex, and FEMA.[12]  The claims against Dicex and FEMA were dismissed for lack of personal jurisdiction.[13]  TSI settled its case with Gonzalez, and under the settlement agreement TSI is assignee and subrogee of Gonzalez's right to pursue claims against Dicex and FEMA.[14]

On June 24, 2010, TSI brought this action (Docket Entry No. 1) to recover damages for the destroyed cargo and trailer, alleging negligence, violations of the Carmack Amendment, and breach of bailment.[15]  Martinez and FEMA moved to transfer to the Laredo Division of the Southern District of Texas on August 6, 2010 (Docket Entry No. 5), and Dicex moved for the same transfer on August 25, 2010 (Docket Entry No. 8).  TSI responded to both motions on August 26, 2010 (Docket Entry No. 10).

## II.  **Analysis**

**A.  Applicable Law**

District courts may transfer an action for the "convenience of parties and witnesses" and "in the interest of justice" to any

---

[12]The Complaint, Docket Entry No. 1, ¶ 8; Defendant Dicex International, Inc.'s Answer ("Dicex's Answer"), Docket Entry No. 12, ¶ 10; Defendant Transportes de Carga FEMA, S.A. de C.V.'s Answer ("FEMA's Answer"), Docket Entry No. 9, ¶ 10.

[13]The Complaint, Docket Entry No. 1, ¶ 10; Dicex's Answer, Docket Entry No. 12, ¶ 10; FEMA's Answer, Docket Entry No. 9, ¶ 10.

[14]The Complaint, Docket Entry No. 1, ¶ 9.

[15]Id. ¶¶ 12–27.

other district "where it might have been brought."  28 U.S.C. § 1404(a) (2006).  When considering a motion to transfer the preliminary question is whether the action "might have been brought" in the proposed venue.  In re Volkswagen of America, Inc., 545 F.3d 304, 312 (5th Cir. 2008) (en banc).  Section 1391 controls venue when no special, restrictive venue statute applies.  Id.

If the filing of the action would have been proper in the proposed venue, the court must then determine "whether a [Section] 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice."  Id. at 315.  To justify a transfer of venue the movant must show "good cause."  Humble Oil & Ref. Co. v. Bell Marine Serv., Inc., 321 F.2d 53, 56 (5th Cir. 1963).  When the movant demonstrates that the transferee venue is "clearly more convenient," it has shown good cause, and the district court should grant the transfer.  In re Volkswagen, 545 F.3d at 315.  When "the transferee venue is not clearly more convenient than the venue chosen by the plaintiffs, the plaintiff's choice should be respected."  Id.

The Fifth Circuit has provided a non-exclusive list of private- and public-interest factors, none of which are given dispositive weight, for courts to use in determining whether a given venue is "clearly more convenient than another."  Id.  The private-interest factors include (1) the relative ease of access to sources of proof, (2) the availability of compulsory process to

secure the attendance of witnesses, (3) the cost of attendance for willing witnesses, and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  Id. (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S. Ct. 252, 258 n.6 (1981)).  The public-interest factors include (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  Id.

**B.   Venue in the Laredo Division of the Southern District of Texas Would be Proper**

The relevant venue statute provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(a) (2006).  A substantial part of the events or omissions giving rise to this action occurred in the Laredo Division.  Although the accident itself occurred in Mexico, the transfer of the cargo from TSI to Dicex, as well as Dicex's allegedly negligent business practices, occurred in Laredo.[16]  TSI transferred the cargo to Dicex in Laredo pursuant to their

---

[16] Affidavit of Michael Zavislak, Exhibit 1 to TSI's Response, Docket Entry No. 10, pp. 1-2.  See the Complaint, Docket Entry No. 1, ¶¶ 12-15.

agreement.[17] TSI alleges that Dicex was negligent "by failing to procure a safe and reliable motor carrier to transport the Cargo and TSI's trailer through to the consignee"[18] and in "selecting, instructing, training[,] and overseeing" FEMA in the transportation of the shipment.[19] These allegations pertain to Dicex's business decisions, and Dicex's principal place of business is in Laredo. In addition, TSI's alleged bailment of its trailer to Dicex occurred in Laredo.[20]

### C. The Private-Interest Factors

The private-interest factors that courts must consider are: (1) the relative ease of access to sources of proof, (2) the availability of compulsory process to secure the attendance of witnesses, (3) the cost of attendance for willing witnesses, and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. In re Volkswagen, 545 F.3d at 315.

The first factor, which concerns ease of access to proof, weighs in favor of transfer. TSI's allegations target the business practices and decisions of both Dicex and FEMA, as well as Martinez, the President of FEMA.[21] The Complaint states that both

---

[17] Affidavit of Michael Zavislak, Exhibit 1 to TSI's Response, Docket Entry No. 10, pp. 1-2.

[18] The Complaint, Docket Entry No. 1, ¶ 14.

[19] Id. ¶ 15.

[20] The Complaint, Docket Entry No. 1, ¶ 26.

[21] Id. ¶¶ 12-30.

Dicex and FEMA do business in Laredo.[22] The Complaint does not allege, nor is there anything in the record indicating, that any party to this action does business in Houston. Any business records, receipts, or contracts relating to Dicex's arrangements with TSI or Dicex's arrangements with FEMA would be in Laredo or across the border in Nuevo Laredo, but not in Houston. Evidence relating to the accident itself is located in Mexico, and even though the defendants' proposed venue, Laredo, is not in Mexico, it is much closer to such evidence than Houston.

The second and third factors also weigh in favor of transfer. Securing the attendance of either willing or unwilling witnesses would be better facilitated from Laredo. Judging from the record before the court, no employee of any party to this action resides in Houston or works in Houston, no party to this action maintains an office in Houston, and no event relevant to this action took place in Houston. Apparently, the only Houstonians in this action are TSI's lawyers.[23] TSI's registered agent is in Laredo, not Houston.[24] Its corporate office is in Michigan, and the costs of transporting TSI's representatives to appear in court in Texas would be incurred whether the action was adjudicated in Houston or

---

[22] Id. ¶¶ 2-3.

[23] Martinez and FEMA's Motion to Transfer, Docket Entry No. 5, ¶ 7.

[24] Franchise Tax Certification of Account Status, Exhibit 2 to Martinez and FEMA's Motion to Transfer, Docket Entry No. 5, p. 1.

Laredo. Most of Dicex's employees live and work in Laredo.[25] Martinez lives and works in Laredo.[26] Furthermore, most of FEMA's employees as well as any witnesses who would testify about the accident reside in Nuevo Laredo, Mexico, across the border from Laredo.[27] FEMA alleges, and TSI does not dispute, that most of these Mexican citizens are able to cross into Laredo using a border crossing card, but would not be able to travel to Houston with that card.[28] Any potential testimony from these witnesses is more likely to be obtained if the action was in Laredo than if it was in Houston.

The fourth factor, which addresses the parties' interest in an easy, expeditious, and inexpensive trial, favors Laredo over Houston because of Laredo's proximity to the events, records, and witnesses relevant to the action.

**D.  Public-Interest Factors**

The public-interest factors that courts must consider are: (1) the administrative difficulties flowing from court congestion,

---

[25]Declaration of Alberto Aranda, Exhibit 1 to Dicex's Motion to Transfer, Docket Entry No. 8, p. 1.

[26]Declaration of Eliseo Hernandez, Exhibit 1 to Martinez and FEMA's Motion to Transfer, Docket Entry No. 5, p. 1.

[27]Martinez and FEMA's Motion to Transfer, Docket Entry No. 5, ¶¶ 12-14.

[28]Id. ¶ 14; Declaration of Eliseo Hernandez, Exhibit 1 to Martinez and FEMA's Motion to Transfer, Docket Entry No. 5, p. 1.

(2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the action, and (4) the avoidance of unnecessary problems of conflict of laws and of the application of foreign law.  In re Volkswagen, 545 F.3d at 315.

Although TSI argues that the Laredo Division is "swamped" and "understaffed," it presents no evidence suggesting that the Laredo judges cannot move their civil docket expeditiously.[29]  Therefore, the court finds that the first factor does not favor either division.

The second factor relating to Houston or Laredo's interest in deciding localized interests at home does not bear significant weight in the court's analysis, but does weigh slightly in favor of Laredo.  Given their close proximity to the United States–Mexico border, both Houston and Laredo have an interest in deciding cases that involve border-crossing issues.  In this action, however, Laredo's interest outweighs Houston's because Laredo is situated directly on the border, and the events giving rise to the action involve a Laredo company specializing in the transportation of cargo across the border.[30]

---

[29]TSI's Response, Docket Entry No. 10, p. 6.

[30]Declaration of Alberto Aranda, Exhibit 1 to Dicex's Motion to Transfer, Docket Entry No. 8, p. 1 ("Dicex's business consists mainly of customs processing between the U.S.-Mexico border and Laredo, Texas, is its main business point.").

Because the Houston and Laredo Divisions both sit in the Southern District of Texas, the court is not persuaded that the third or fourth factors, which concern the forum's familiarity with the governing law and the avoidance of conflict-of-laws or foreign-law problems, respectively, favor one division over the other.

**E. Conclusion**

Multiple factors support, and no factors argue against, transferring this action to the Laredo Division of the Southern District of Texas. The court concludes, therefore, that the defendants have demonstrated that the Laredo Division is "clearly more convenient" than the Houston Division, and thus have shown good cause for granting a transfer.

## III. Conclusion and Order

For the reasons stated above, the court concludes that transfer to the Laredo Division of the United States District Court for the Southern District of Texas is appropriate under 28 U.S.C. § 1404(a). Accordingly, Carlos Alberto Fernandez-Martinez and Transportes de Carga FEMA, S.A. de C.V.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Docket Entry No. 5) and Dicex International Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Docket Entry No. 8) are **GRANTED**. This action is **TRANSFERRED** to the Laredo Division of the Court.

**SIGNED** at Houston, Texas, on this 29th day of September, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE